IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY POMA-PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:12-cv-291-MEF |
| v. ) | (WO) |
| ) | |
| KIM TOBIAS THOMAS, Commissioner, ) | |
| Alabama Department of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION AND BACKGROUND**

Jimmy Poma-Pratt, the plaintiff in this case, filed a civil action on March 30, 2012. (*See* Doc. # 1.) His suit, brought under 42 U.S.C. § 1983, alleges that Kim Thomas, the Commissioner of the Alabama Department of Corrections, along with a number of corrections officers, violated his constitutional rights. More specifically, Poma-Pratt claims that four officers—Officers Tucker, Temple, Freeman, and Brown—entered his cell, handcuffed him, and began beating and abusing him while shouting racial slurs. Then, Poma-Pratt claims, some of the officers held him down while Officer Temple cut him on the left side of his face with a sharp object. He also alleges that the incident required a trip to the infirmary where his wounds were documented and photographed. The complaint alleges that this all occurred on March 27, 2012.

1

The cause now comes before the Court on Poma-Pratt's Motion for a Temporary Restraining Order. (Doc. # 8.) In his motion, Poma-Pratt repeats the allegations in his complaint. He further alleges that the prison initiated an administrative investigation, and, following investigative interviews with ADOC staff, Officers Temple and Tucker told him that he "would be dead within 30 days." (Doc. # 8 at 2.) This took place on March 29, 2012, Poma-Pratt claims. Shortly afterwards, on April 4, 2012, Officers Freeman and Tucker attacked Poma-Pratt again. (*Id.*) The temporary restraining order motions contends the officers caused him more injuries and assured him "that his date of actual death was soon." (*Id.*) Because of the seriousness of the allegations made by Poma-Pratt, the Court entered an order setting his motion for a temporary restraining order for a hearing (Doc. # 11), which was held on April 18, 2012.[1]

But there was more to the story than what Poma-Pratt alleged in his pleadings. When he took the stand, he testified that he had a homemade knife taped between his thighs when the guards entered his cell, handcuffed him, and used physical force against him. As it turns out, the prison's records show that the officers entered Poma-Pratt's cell to disarm him after another inmate complained that Poma-Pratt had threatened to kill him. It was under these chaotic circumstances that one of the guards allegedly threatened to kill Poma-Pratt when they had him subdued in his cell. As for the April 4 incident,

---

[1] Since the motion was set for a hearing, and because the adverse parties received notice, the motion for a temporary restraining order was essentially converted into a motion for a preliminary injunction.

2

Poma-Pratt testified that the officers only threatened to "kick his ass" during the encounter; they did not threaten to kill him as he initially claimed.

## II. DISCUSSION

Against this backdrop, Poma-Pratt seeks an order either moving him to the other side of the prison or transferring him to another facility. As a threshold matter, the Court must construe Poma-Pratt's pleadings liberally, because he is acting on his own behalf. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). As a result, the Court will treat his motion as asking for a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. To succeed on a Rule 65(a) motion, the moving party must show that (1) he has a substantial likelihood of success on the merits; (2) irreparable injury would result unless the injunction issues; (3) the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not run afoul of the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations omitted).

Construing his pleadings liberally, Poma-Pratt, by claiming various correctional officers threatened to kill him, alleges a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. Typically an "idle and laughing threat," or some other form

3

of verbal harassment, will not rise to the level of a constitutional violation. *See Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992). Yet a sufficiently grave promise of future violence can rise to the requisite level. *See, e.g., Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *Irving v. Dormire*, 519 F.3d 442, 445, 449–50 (8th Cir. 2008) (finding plaintiff stated claim where pattern of conduct by defendant included allowing another inmate to attack plaintiff, offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, labeling plaintiff a "snitch," and repeating verbal death threats); *Northington*, 973 F.2d at 1523–24 (holding prisoner's allegation that correctional officer put a gun to his head and threatened to shoot him stated Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100–01 (8th Cir. 1986) (plaintiff stated claim by alleging defendant pointed gun at him, cocked it, and threatened to shoot). The pertinent inquiry is an objective one: courts must ask whether a reasonable victim would fear for his life as a result of the threat. *Dobbey*, 574 F.3d at 445 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

     Poma-Pratt has failed to convince the Court that he has a substantial likelihood of success on the merits of his Eighth Amendment claim. Even if the Court takes as true his testimony about Officer Temple threatening to kill him after the March 27 incident, it is unlikely that a reasonable victim would fear for his life from this incident once the dust settled. Officer Temple did not repeat his threat, *cf. Taylor v. Guthurter*, 2011 WL

1792268, at * 4 (S.D. Ill. May 10, 2011) (finding lack of repeated threat significant), nor did he use force against Poma-Pratt at any time after wresting the knife from him. Furthermore, Poma-Pratt brought the officer's actions upon himself by concealing a weapon, and produce little to no evidence suggesting he should fear for his life going forward.

It is also unclear, maybe even unlikely, that the relevant Eighth Amendment case law covers Poma-Pratt's claims. For example, the prisoner in *Burton v. Livingston* stated an Eighth Amendment claim when he alleged that a guard pointed a gun at him, cocked it, called him a "nigger," and repeatedly threatened to shoot him. 791 F.2d at 100–01. And in *Irving v. Dormire*, the prisoner alleged that a guard threatened to kill him and then provided the incentive (a bounty) and the means (a razor blade) for other prisoners to carry out this threat. Poma-Pratt's allegations fall outside of the extreme facts found in these two cases and more closely resemble those found in *Dobbey v. Illinois Department of Corrections*. In that case, the Seventh Circuit held that the prisoner failed to state a claim even though he alleged that prison guards hung a noose in his presence and swung it back and forth while shooting him menacing looks. 574 F.3d at 444–45. Like the guards in that case, the officers' actions here leave something to be desired. But even so, the guards did not communicate a threat sufficiently imminent to justify granting a preliminary injunction: the alleged threat was made in the heat of trying to disarm a prisoner with a dangerous weapon and, more importantly, Poma-Pratt failed to produce

5

evidence suggesting that one or more of the guards planned to make good on the threat in the near future.

At any rate, the moving party bears the burden of proving the elements necessary for a preliminary injunction to issue, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998), and insufficiency of Poma-Pratt's allegations and evidence underscores how he has failed to meet his burden. Accordingly, his motion is due to be denied. This case will be referred to the Magistrate Judge for further proceedings.

### III. CONCLUSION

After having a hearing on Poma-Pratt's motion, and for the reasons discussed above, it is hereby ORDERED as follows:

1. Poma-Pratt's Motion for a Temporary Restraining Order (Doc. # 8) is DENIED because he did not prove a substantial likelihood of success on the merits.

2. The ADOC's oral Motion to Dismiss is DENIED AS MOOT.

3. The case is REFERRED to the assigned Magistrate Judge for action or recommendations on all pretrial matters.

Done this the 23rd day of April, 2012.

          /s/ Mark E. Fuller
          UNITED STATES DISTRICT JUDGE