IN THE UNITED STATES  DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY POMA-PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12cv291-WHA |
| | ) | [WO] |
| KIM THOMAS, COMMISSIONER | ) | |
| OF A.D.O.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this *pro se* 42 U.S.C. § 1983, plaintiff Jimmy Poma-Pratt ("Poma-Pratt"), a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Kilby Correctional Facility ("Kilby").  Poma-Pratt names as defendants Kim Thomas ("Thomas"), the Commissioner of the Alabama Department of Corrections, and correctional officers Jeffery Temple ("Temple"), Darian Tucker ("Tucker"), Michael Freeman ("Freeman"), and Frankie Brown ("Brown").  The allegation central to Poma-Pratt's complaint is that on March 27, 2012, the defendant correctional officers used excessive force against him.  Poma-Pratt seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.  The plaintiff further claims that defendant Thomas is responsible for the alleged unconstitutional behavior of the correctional officers because he failed to take any action to curb the use of excessive force by the correctional officers.  (Docs. # 1 & 47).

In accordance with the orders of the court, the defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. (Doc. # 37, 38, & 46). The court then informed the plaintiff that the defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. (Doc. # 39). The plaintiff filed a response to the special report filed by the defendants. (Doc. # 47).

Thus, this case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and the plaintiff's opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs*., 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory

allegations" challenging the actions of the defendants).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-

moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## II.  FACTS[2]

The facts as alleged by Poma-Pratt are as follows:

On  March 27, 2012, in the segregation unit at Kilby Corrections, officers Temple, Tucker, Freeman and Brown approached plaintiff's cell (C-13) and instructed him to be handcuffed and exit his cell so that a cell search could be conducted.  Plaintiff complied with the orders given to him.  As plaintiff exited his cell officer Tucker began yanking (snatching) at his pants and undershorts area.  In the process of this initiated contact by officers Tucker and the other defendants, a knife fell to the floor from out of plaintiff's pants. Immediately at that point officer Temple confiscated the knife.  Officers Tucker and Freeman begin (sic) beating plaintiff in his back area.  They then held plaintiff down while Temple assaulted the plaintiff across the face and chess (sic) with the weapon he confiscated.

(*Id*.)

The defendants, on the other hand, asserts that Poma-Pratt refused their order to submit to a strip search, and he resisted Officer Tucker's efforts to remove his shorts. (Doc.

---

[2] At this stage of the proceedings, this court takes the facts alleged by Poma-Pratt as true and construes them in the light most favorable to him.  *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party,' ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ... Moreover, the court must avoid weighing conflicting evidence or making credibility determinations....").  The court makes no factual findings, and the actual facts may be different than those stated here.

# 37, Ex. 2 at 2).  The defendants allege that Poma-Pratt was injured during the struggle to secure the home made knife, and that Poma-Pratt's injuries were superficial.  (*Id*.)

## III.  DISCUSSION

### A.  Absolute Immunity

With respect to any claims Poma-Pratt lodges against the defendants in their official capacities, they are entitled to absolute immunity from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, [59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, there is no dispute that the defendants are state actors, and thus, are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429;

*Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). The court concludes, therefore, that the defendants are entitled to summary judgment with respect the claims against them in their official capacities

## B. Commissioner Thomas

To survive the motion for summary judgment, Poma-Pratt must present evidence creating a genuine dispute of material fact. Although a *pro se* plaintiff, Poma-Pratt is not absolved of his duty to provide the court with specific facts showing that there is a genuine dispute requiring resolution by trial. *Brown*, 906 F.2d at 670. Neither Poma-Pratt's complaint nor any evidentiary materials show that Commissioner Thomas had anything to do with any harm alleged by Poma-Pratt. Thus, defendant Thomas is sued solely due to his position as Commissioner of the Alabama Department of Corrections. However, the law is well settle that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115-

1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability).  Thus, Thomas is liable in this matter only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Poma-Pratt does not allege that Commissioner Thomas personally participated in the actions about which he complains.  Additionally, Poma-Pratt fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Commissioner Thomas and the alleged constitutional deprivations.  A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.  *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360.  Deprivations that constitute wide spread abuse sufficient to constitute notice to the supervising official must be "obvious, flagrant, rampant and of continued duration rather than isolated occurrences."   *Brown*, 906 F.2d at 671.  A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'  *Grandstaff v. City of Borger*, 767

F.2d 161, 169, 170 (5th Cir. 1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006).  Poma-Pratt fails to present any evidence indicating that there is a history of widespread abuse which placed Thomas on notice of a need to stop an alleged deprivation, that his customs or policies resulted in deliberate indifference to Poma-Pratt's constitutional rights, or that he directed subordinates to act unlawfully or failed to stop them from doing so.

Because Poma-Pratt does not allege that Commissioner Thomas personally participated in the actions about which he complains, and he fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Commissioner Thomas and the alleged constitutional deprivations, defendant Thomas' motion for summary judgment is due to be granted, and he is due to be dismissed as a defendant.

### C.  The Excessive Force Claim

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1972).  The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id*.  (internal quotations omitted).  With respect to the objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*.

10

However, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

Poma-Pratt complains that on March 27, 2012, officers Temple, Tucker, Freeman and Brown used excessive force against him without provocation and for no reason. He maintains that he complied with the officers' orders to him, and that he did not offer any resistance to the officers at any time. Poma-Pratt does not dispute that he was in possession of a home made knife.[3] However, he contends that he was not resisting the officers when the knife fell to the floor and was confiscated. According to Poma-Pratt, it was only *after* defendant Temple confiscated the knife that the other officers begin to beat him. They then held him down and allowed officer Temple to assault him with the knife. Poma-Pratt maintains that the defendants' actions constituted an unnecessary and excessive use of force against him because the assault was committed in the absence of need or provocation and done maliciously and/or sadistically. Poma-Pratt therefore argues that the defendants' use of force under these circumstances was excessive. The defendant officers deny all allegations regarding the use of excessive force and maintain that they only used an amount

---

[3] The court is mindful of the fact that possession of a weapon is not tolerated in a prison environment where strict adherence to rules and order within the institution's walls are mandated for security, safety, and discipline.

11

of force that was necessary to gain control of the plaintiff, and the knife. They assert that the force was not used with malicious or sadistic intent.

Although the defendants describe Poma-Pratt's injury as a "scratch," medical records indicate he received injuries to his chest and face during the March 27, 2012 incident. In light of *Wilkins*, the nature of an inmate's injuries is not dispositive of an excessive force claim. *Wilkins*, 559 U.S. at 34 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury....").

> The "core judicial inquiry," . . . was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Id*. at 37 *quoting Hudson*, 503 U.S. at 7. The nature of the injuries suffered by Poma-Pratt will, however, remain relevant to whether the officers actually used force as described by Poma-Pratt and whether they acted "'maliciously and sadistically." *Id*. at 40. Additionally, "even if [Poma-Pratt] succeeds, the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover." *Id*.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and

sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich v. Thornton*, 280 F.3d 1295, 1300-01 (11th Cir. 2002).

Here, Poma-Pratt maintains that after the officers retrieved the contraband knife, they beat his back, held him down and then allowed defendant Temple to assault him with the knife even though he was offering no resistance. As explained, the defendants have denied Plaintiff's allegations regarding the use of force and maintain that at no time during the incident in question was more force used than necessary to subdue and gain control of Poma-Pratt and the knife. The defendants contend that Poma-Pratt injured himself with the knife during the struggle for control of the weapon. Viewing the facts in the light most favorable to Poma-Pratt, as the court must at this stage in the proceedings, genuine disputes of material fact exist regarding the use of force and whether the officers acted "maliciously and sadistically" to cause harm. Consequently, the motion for summary judgment with respect to the excessive force claim presented against defendants Temple, Tucker, Freeman and Brown in their individual capacities is due to be denied.

13

The defendants also argue that they are entitled to qualified immunity on Poma-Pratt's claim of excessive force.  The law of this Circuit, however, precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich*, 280 F.3d at 1301, citing *Hudson*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986).  "[T]here is no room for qualified immunity in Eighth and Fourteenth Amendment excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful."  *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008) *quoting Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002).  Thus, a qualified immunity defense is not available when a plaintiff asserts the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment.  *Id*. at 1302; *see also Hudson*, 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).

Under the facts as presented by Poma-Pratt, genuine issues of material fact exist regarding the incident in question, the need for the use of force, and whether the amount of force used was appropriate.  Thus, the defendant officers are not entitled to qualified immunity at this time, *Skrtich*, 280 F.3d at 1301, and their request for summary judgment with respect to Poma-Pratt's excessive force claim is due to be denied.

14

**V.  CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The motion for summary judgment with respect to the claims against defendant Thomas be GRANTED and defendant Thomas be dismissed as a defendant in this case;

2.     Defendants Temple, Tucker, Freeman and Brown's motion for summary judgment on Plaintiff's § 1983 excessive force claim be DENIED;

3.     Plaintiff's § 1983 excessive force claim against defendants Temple, Tucker, Freeman and Brown be SET for a jury trial before the district judge assigned to this case.

It is further

ORDERED that **on or before December 22, 2014**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party form attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of December, 2014.


_____/s/ Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE