IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY POMA-PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-291-WHA |
| | ) | |
| FRANKIE BROWN, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Plaintiffs' Objections to Specific Exhibits Designated by Defendant (Doc. #145). The Plaintiffs object to exhibits listed by the Defendants as Exhibits 1, 2, 3, 6, 8, 9, 11, and 16.[1]

**Defendants' Exhibit 1** is the Incident Report from March 27, 2012. The exhibit is 14 pages long and consists of a report on the incident, two evidence forms, four typewritten statements by officers, and pictures of Poma-Pratt with abrasions and bruises.

The Plaintiff contends that Exhibit 1 is inadmissible hearsay under Rule 801, 802 and that specific portions are inadmissible hearsay within hearsay under 805. The Plaintiff further contends the author of the incident report, Lieutenant Loman, learned of the information in the report through hearsay statements of others and has no personal knowledge of the information so that the report is inadmissible under Rule 602.

The Defendants argue that the Incident Report and statements are present sense impressions of the persons involved in the incident made immediately after and are admissible under 803(1). The Defendants also argue that the report is admissible as a business record under

---

[1] The Plaintiff also objected to Exhibit 12, but that objection has been addressed in the court's separate Order on the Plaintiff's Motion in Limine.

Rule 803(6) and as a public record under 803(8)(a)(i).  They state that the information in the report was taken during the course of regular business by Lt. Lohman who had knowledge of incident, spoke to the Plaintiff, and took the pictures which are attached.

Rule 803(8(a) is the hearsay exception for public records which allows for records of a public office, but not "in a criminal case, a matter observed by law-enforcement personnel."  The Eleventh Circuit has explained that the business records exception to hearsay in Rule 803(6) cannot be used as a "back door" to introduce evidence that would not be admissible under Rule 803(8)(B).  *United States v. Brown*, 9 F.3d 907, 911 (11th Cir. 1993).   The instant case is not a criminal case, so the exhibit's admission is not precluded on that basis.

"Justification for the exception [in Fed.R.Evid. 803(8)] is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Fed.R.Evid. 803(8) advisory committee's notes.  In *White v. City of Birmingham*, No. 2:13cv00099-KOB, 2015 WL 1418891, at *6 (N.D. Ala.  May 27, 2015), the court explained that incident reports offered in a civil excessive force case were hearsay but were admissible under the public records exception in Rule 803(8)(a) because they were the official reporting document for the police department for its investigation.

The Eleventh Circuit has also explained that investigative reports which are admissible under the public records exception may still contain inadmissible double-hearsay, and the mere fact that such statements are within public records does not make the statements admissible. *Goodman v. Kimbrough*, 718 F.3d 1325, 1333 n.2 (11th Cir. 2013).  Consequently, to be admissible as a public record, all statements in a report must have been prepared by a public official. *See Brewer v. City of Daphne*, 111 F. Supp. 2d 1299, 1303 (S.D. Ala. 1999).

It appears to the court that Exhibit 1 fits within the Rule 803(6) or 803(8) exception to the hearsay rule. Portions of Defendants' Exhibit 1, however, may be hearsay within hearsay. Statements by Poma-Pratt are admissions and not hearsay, but statements by Segregation Runner Carlos Smith, if offered to prove the truth of the matter, are hearsay. Some of the information recorded by Loman was information told to him by other officers, which would not be an admission. Complicating the issue is the fact, pointed out by the Defendants, that the Plaintiff has listed this exhibit on his own exhibit list, to which the Defendants have not objected, and so the document may be admitted at trial if offered by the Plaintiff.

Rather than rule on the Plaintiff's hearsay objections at this time, the court will reserve ruling on the objections until the exhibit may be offered at trial, and will evaluate the objections based upon the state of the evidence at that time. The Defendants will have to lay a proper foundation for admissibility of the document under an exception to the hearsay rule, and will have to establish an exception for the hearsay statements within the exhibit, or redact inadmissible hearsay statements within the record.

**Defendants' Exhibit 2** is use of Force Investigative Report dated March 29, 2012. The Plaintiff objects generally under Rule 403 and specifically objects to the portions titled "Finding" and "Recommendations of Investigating Officer" as inadmissible hearsay under Rule 801, 802 and 805. The Plaintiff also contends that Captain Janet Hicks, the author of the report, cannot be cross-examined on the information contained in Exhibit 2 as she is retired and presently unavailable and unavailable for trial.

The Defendants contend the statements within the report were made by the Plaintiff and as party opponent admissions are not hearsay. The Defendants contend that the use of force

investigation report itself is part of a regularly conducted activity and would be admissible as a business record under 803(6).

The court has reviewed this document and concludes that the Plaintiff's Rule 403 objection is well-taken.  Although opinions within a public record are admissible, *White*, 2015 WL 1418891 at*6, a document with a conclusion that the use of force was necessary is of limited probative value and is substantially outweighed by the danger of unfair prejudice and confusion of the jury because the jury will be called on to reach that determination.

**Defendants' Exhibit 3** is the Plaintiff's ADOC Body Chart dated March 27, 2012. The Plaintiff objects to Exhibit 3 as inadmissible hearsay, and further contends Nurse Stavers, the author of the chart, is unavailable for trial and that there will be no opportunity to cross-examine the witness.

The Defendants respond that this exhibit is also included by the Plaintiff on his list and that the information on the chart is admissible as statements for medical diagnosis and treatment.

Some of the statements on the form were not statements by Poma-Pratt for medical diagnosis, but may be considered to be an admission and not hearsay.  The court cannot conclude at this time, however, that the exhibit is admissible because there must be foundation to establish that the exhibit meets a business record or public record exception to hearsay.  The court will defer ruling on the objection until the exhibit may be offered at trial.

**Defendants' Exhibit 6** is the Code of Alabama 13A-10-36, "Promoting prison contraband in the first degree."  The Plaintiff objects to relevance under Rule 401, 402, and 403.

The Defendants state that the elements of the crime would be helpful to the jury and that the fact that the Plaintiff's conduct met the elements of the crime makes it more likely that his prosecution was based on his conduct and not on retaliation.

The Plaintiff's Rule 403 objection is well-taken. A statute which defines a crime which the jury is not being asked to apply is minimally relevant and its relevance is substantially outweighed by the danger of confusion of the issues and misleading the jury. The objection to Exhibit 6 is due to be SUSTAINED.

**Defendants' Exhibit 8** is the transcript of Plaintiff's April 18, 2012 Hearing on Motion for Preliminary Injunction. The Plaintiff asks to reserve the right to object to Exhibit 8 should the Defendant decide to offer it into evidence. The Defendants have listed the exhibit for rebuttal purposes only. Any objection raised to its use on rebuttal will be ruled on at that time.

**Defendants' Exhibit 9** is the I & I Investigative Report dated April 10, 2012. The Plaintiff objects to Exhibit 9 as inadmissible hearsay under Rule 801, 802 and 805. Further, Plaintiff contends Investigator Sasser, author of the Investigative Report, has no personal knowledge of the information and objects under Rule 602.

The Defendants point out that this exhibit is listed on the Plaintiff's Exhibit list as well. The Defendants state that the report was made during an investigation and is admissible pursuant to Rule 803(8) and that statements within the report are admissions by the Plaintiff. As with Exhibit 1, the court will reserve ruling on the objections until the exhibit may be offered at trial by the Defendants, and will evaluate the objections based upon the state of the evidence at that time. The Defendants will have to lay a proper foundation for admissibility under an exception to the hearsay rule, and will have to establish an exception for the hearsay statements within the record, or redact inadmissible hearsay statements within the record.

**Defendants' Exhibit 11** is the disciplinary reports regarding an incident on March 27, 2012. The Plaintiff objects to Exhibit 11 as inadmissible hearsay under Rules 801, 802, and 805. The Defendants respond that the exhibit meets the requirement for the Rule 803(6) and 803(8)

exceptions to the hearsay rule.  The Defendants further state that the Plaintiff's admission of guilt is not hearsay, but is an admission under Rule 801(d)(2).

As with other offered documents subject to hearsay objections, the court will rule on the objections at trial after the Defendants have laid a proper foundation for admissibility under a hearsay exception.

**Defendants' Exhibit 16** consists of photographs of a prison-made knife. The Plaintiff argues he has a right to cross-examine the Defendants regarding the relationship between the amount of force used and the threat posed and as part of the examination he has the right to have the jury examine the knife itself rather than photographs.

The Defendants respond that new Defense counsel was unaware that the knife could not be located and has begun a diligent search for it.  Defendants argue, however, that the pictures accurately reflect the weapon and have not been objected to on any other admissibility grounds.

The court will rule on the Plaintiff's objection to the photographs at trial, after a proper foundation is laid for their admissibility.

Done this 5th day of November, 2015.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE