IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY POMA-PRATT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12cv291-WHA |
| | ) | |
| FRANKIE BROWN, ET. AL, | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Defendants' Objections to Specific Exhibits Designated by Plaintiff (Doc. #141). The Defendants object to exhibits listed by the Plaintiff as Exhibits 3, 4, 5, and 6.

The Defendants object to the admission of the personnel files on the ground that the disciplinary actions contained in the files are unduly prejudicial under Rule 403. Additionally, the Defendants contend Exhibit 3 and Exhibit 6 are improper character evidence under Rule 404.

**Plaintiff's Exhibit 3** is Frankie Brown's Alabama Department of Corrections Employee File. Defendant specifically objects to a written reprimand for an incident dated July 6, 2012 contained in the Defendant's personnel record. Defendant Brown was reprimand for utilizing leg irons instead of handcuffs. The Defendants point out that this incident occurred after the events in question in this case.

**Plaintiff's Exhibit 4** is Michael Freeman's Alabama Department of Corrections Employee File. Specifically, the Defendants object to the following disciplinary actions contained in Freeman's personnel file:

    1. 1/29/2004    Suspension for sleeping on post

    2. 7/23/2004    Suspension for sleeping on post

    3. 4/10/2009    Warning for being late for work and not using proper call-in procedure.

    4. 1/7/2010    Written reprimand for being late for work and not using proper call-in procedures.

    5. 8/10/2010    Suspension for being late for work and not using proper call-in procedures.

    6. 8/15/2011    Suspension for being late for work and not using proper call-in procedures.

    7. 3/10/2014    Warning for being late for work and not using proper call-in procedures.

The Defendants argue that none of these disciplinary actions involved excessive force and the probative value that they may have is greatly outweighed by the danger of unfair prejudice under Rule 403.

**Plaintiff's Exhibit 5** is Ed Sasser's Alabama Department of Corrections Employee File. Specifically, the Defendants object to the following disciplinary actions contained in Sasser's personnel file:

    1. 3/20/15    Counseling Session for failing to report to the I & I Director that an Alabama Department of Corrections employee had been arrested.

    2. 6/3/15    Warning for providing polygraph services at a fishing tournament in Tennessee. Sasser was on leave of absence from work and used his own polygraph equipment. Sasser had been involved with this tournament for many years with permission from his supervisors.

    3. Pending    There is a pending issue involving Defendant Sasser's picking up and or-taking a grandchild to-from school in state assigned vehicle.

The Defendants state that these disciplinary actions were taken after the events in question and do not involve excessive force or retaliation.

**Plaintiff's Exhibit 6** is Darian Tucker's Alabama Department of Corrections Employee File. Specifically, the Defendants object to the following disciplinary actions contained in Tucker's personnel file:

1. 3/2/2001     Suspension for failing to intervene when another officer used force on an inmate, failing to provide an appropriate report, and providing incorrect or false information concerning the incident.

2. 10/11/2006   Written reprimand for having Business Boosters and Parade of Homes magazines in his lunchbox.

3. 10/28/2008   Suspended for sleeping on post.

4. 11/18/2012   Written reprimand for losing state issued property.

5. 8/25/2014    Suspended for improperly handcuffing an inmate and allowing the inmate to get loose and run. Defendant was required to use force on the inmate to handcuff him again.

The Defendants argue with respect to the 2001 incident that it is too remote in time to be probative, and to admit the document would be improper character evidence. With respect to the August 2014 incident, the Defendants state that it occurred after the events in question and is not probative and is due to be excluded under Rule 403. With respect to the other disciplinary actions, the Defendants argue they do not involve allegations of excessive force and are due to be excluded under Rule 403.

In response to all of these objections, the Plaintiff argues the files are relevant because they demonstrate the officers "understanding of and ability, or lack thereof, to follow ADOC policies and procedures" and dispute evidence of positive employee evaluations. The Plaintiff

also argues some documents are relevant under Rule 406 to show habit.  The Plaintiff also states that these exhibits were listed out of an abundance of caution because the Plaintiff will seek to rebut or dispute testimony regarding positive employee performance evaluations.

To the extent the Plaintiff seeks to offer the disciplinary actions to show propensity, that the Defendants did or did not act a certain way, the evidence is improper character evidence and inadmissible under Rule 404.  *See, e.g.*, *Giles v. Rhodes*, No. 94 CIV. 6385 (CSH), 2000 WL 1425046, at *2 (S.D.N.Y. Sept. 27, 2000) (finding in a prison excessive force case that evidence "regarding an unrelated assault by one of the defendants is precisely the sort evidence of other crimes, wrongs or acts that Rule 404(b) makes inadmissible.").  While courts in the Eleventh Circuit have concluded that other incidents of abuse by guards may be admissible if a guard denies intent, that is not the purpose for which the Plaintiff seeks to offer the evidence in this case.  *See Hooks v. Langston*, No. 6:05cv65, 2007 WL 1831800, at *2-3 (S.D. Ga. June 25, 2007).  The Plaintiff states that the evidence is offered to show the officers' ability to understand and obey ADOC policies, but the issue in this case is whether the force used was unreasonable, not whether a policy, other than a policy against unreasonable use of force, was followed.

The incidents pointed to also are not frequent and regular enough to establish habit under Rule 406.  *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979) (stating that four prior incidents over a three and a half year period were not enough to establish habit).

Discipline for actions which were not similar to those in this case, namely excessive force or retaliation, or which are remote in time or occurred after the event in question are of limited probative value, and the danger of unfair prejudice and confusion of the issues substantially outweighs whatever probative value they may have, pursuant to Rule 403.

The court, however, agrees with the Plaintiff that the evidence may become admissible if Defendants open the door to the use of such evidence. *Giles*, 2000 WL 1425046, at *2 (stating that plaintiff "correctly notes that evidence inadmissible under Rule 404(b) may nonetheless be admitted to impeach a witness' credibility if the witness opens up that subject through contrary testimony."). Therefore, if the Plaintiff seeks to use this evidence in rebuttal, he may first take it up outside of the presence of the jury, and the court will take up any objection to the evidence at that time.

Accordingly, it is hereby ORDERED that the Defendants' Objections to Exhibits 3, 4, 5, and 6 are SUSTAINED to the extent that if the Plaintiff contends that the Defendants have opened the door to the use of this evidence, the Plaintiff must first take it up admission of the evidence outside of the presence of the jury, and the court will take up any objection to the evidence at that time.

Done this 9th day of November 2015.

/s/ W. Harold Albritton\
W. HAROLD ALBRITTON\
SENIOR UNITED STATES DISTRICT JUDGE